NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARD BRUCE; BONNIE BRUCE, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RECONTRUST COMPANY, N.A., a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; BANK OF AMERICA, N.A., a North Carolina corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Defendants-Appellees. | No. 16-35138 <br><br> D.C. No. 3:15-cv-05866-RJB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted and Submission Deferred February 9, 2018**
Resubmitted April 13, 2018
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  M. SMITH and MURGUIA, Circuit Judges, and GORDON,*** District Judge.

Leonard and Bonnie Bruce appeal from the dismissal of their claims arising out of the allegedly unlawful foreclosure on their property in Clark County, Washington. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing *de novo*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), we see no error in the district court's conclusion that the Bruces waived their claim for breach of contract, as well as any request for injunctive or declaratory relief. Under Wash. Rev. Code. § 61.24.130, a borrower seeking to restrain or set aside a nonjudicial foreclosure sale must do so by filing a restraining order or injunction in state court. Once the sale occurs, a court may find that the borrower waived the right to challenge the foreclosure if the borrower "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 276 P.3d 1277, 1282 (Wash. 2012). The district court properly concluded that the Bruces had notice of the sale, which was properly recorded in Clark County and at which the Bruces were present. The Bruces also had notice of

***    The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

2

possible defenses through the notice of trustee's sale, which advised the Bruces of their right to enjoin the foreclosure. Finally, there is no dispute that the Bruces did not seek to enjoin the foreclosure prior to the date of sale. On the contrary, the Bruces expressly allege that they did not challenge the foreclosure because they were "helpless" and "thoroughly unfamiliar with the foreclosure process."

The Bruces' argument that waiver would be inequitable in this case in light of *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012) (en banc), is unavailing. The *Bain* court held that the Mortgage Electronic Registration Systems, Inc. (MERS) could not be a lawful beneficiary within the meaning of Washington's Deeds of Trust Act because it was not the holder of the promissory note. Here, the appointment of MERS as a beneficiary, however, was properly characterized by the district as a technical, nonprejudicial violation of the Deeds of Trust Act, where it is undisputed that the underlying debt remains unpaid and the Bruces failed to seek to enjoin the sale in a timely fashion. *See Merry v. Nw. Tr. Servs.*, 352 P.3d 830, 837–40 (Wash. 2015) (holding that the waiver doctrine remained a valid defense to a violation of the Deeds of Trust Act if its application would not be inequitable or inconsistent with the purposes of the Act). Accordingly, the district court properly concluded that the Bruces' claims for breach of contract and declaratory and injunctive relief are waived. *See also* Wash. Rev. Code § 61.24.127(1)(a)–(c), (2)(c).

The district court also correctly found the Bruces' remaining claims to be barred by the two-year statute of limitations contained in Wash. Rev. Code § 61.24.127(2)(a). The Bruces' claims for fraud and for violations of the Consumer Protection Act and Deeds of Trust Act must be brought within two years of the date of the foreclosure, or within the applicable statute of limitations, whichever is earlier. *Id.* The Bruces point to no claim for which the statute of limitation is less than two years. Because the Bruces did not bring their claims until approximately four years after the date of foreclosure, the Bruces' remaining claims are time-barred.

Finally, the Bruces' argument under Washington's Commercial Code that Bank of America never gave value for the promissory note and accordingly never had an enforceable interest in the deed of trust does not revive the Bruces' untimely claims, which under Washington law, are properly analyzed under the Deeds of Trust Act. *See Bain*, 285 P.3d at 47.

**AFFIRMED.**